IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD D. CHRISTIE, | ) | CASE NO. 3:11 CV 2049 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TIM MILLIGAN, Deputy Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -3-
    A.    Underlying facts, conviction, and sentence . . . . . . . . . . . . . . . . . . . . . . .   -3-
    B.    Direct Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -4-
        1.    Ohio Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -4-
        2.    Delayed reopening of appeal . . . . . . . . . . . . . . . . . . . . . . . . . .   -5-
        3.    Motion for sentencing hearing/motion to withdraw plea . . . . . . .   -6-
        4.    First resentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -7-
        5.    Second resentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -10-
        6.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -11-
    C.    Petition for writ of habeas corpus . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -12-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -14-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -14-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -16-
        1.    Non-cognizable claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -16-
        2.    Voluntariness of a plea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -17-
        3.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -19-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -21-
        1.    Ground one – the plea was ineffective because multiple counts of the indictment were defective for alleging more than one offense within a single count. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -21-
        2.    Ground two – the validity of the plea . . . . . . . . . . . . . . . . . . . .   -25-
        3.    Ground three – unconstitutionality of Ohio's allied offenses statute, ground four – ineffective trial counsel, and part of ground two –

       validity of the guilty plea because of improper advice as to the merger
       of offenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -30-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -32-

## Introduction

Before me[1] is the amended petition of Chad D. Christie for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Christie is serving a 25-year sentence imposed after the court accepted a guilty plea. He is currently incarcerated at the Marion Correctional Institution in Marion, Ohio.[3]

Christie raises four grounds for habeas relief.[4] The State has filed a return of the writ arguing that the petition should be dismissed in part and denied in part.[5] Christie has filed a traverse.[6]

For the reasons that follow, I will recommend that Christie's petition be dismissed in part and denied in part.

———————————————

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson by non-document order dated October 14, 2011.

[2] ECF # 2.

[3] *Id.* at 5.

[4] ECF # 2.

[5] ECF # 6.

[6] ECF # 7.

# Facts

**A.**  **Underlying facts, conviction, and sentence**

The facts that follow come from the decision of the appeals court:[7]

In late 1998, Christie and his wife, Anetta, experienced martial [sic] difficulties and decided to separate. Anetta and the couples' [sic] young child stayed with Anetta's sister, Kim Riblet, and her family during the separation. On November 11, 1998, Christie arrived at Kim's residence armed with a 12-gauge shotgun which he apparently intended to use to commit suicide in front of Anetta. To avoid detection, Christie placed a ladder on the backside of the residence and climbed through a window.

Once inside the residence, Christie began searching for his wife when he encountered Kim. Armed with the shotgun, Christie ordered Kim into one of the bedrooms where Anetta was sleeping. Christine then marched Anetta at gunpoint downstairs to the living room where he fired the gun at Anetta's head, removing a significant portion of her ear. Christie then turned the gun on himself and fired a shot upward through the right side of his Jaw. Anetta and Christie's gunshot wounds were not fatal; however, both were permanently disfigured.[8]

Christie was indicted on one count of attempted murder, two counts of kidnapping, one count of aggravated burglary, and one count of felonious assault, with firearm specifications as to each count.[9] In addition, Christie was charged with one count of domestic violence.[10]

---

[7] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[8] ECF # 6, Attachment 1 (state court record) at 476.

[9] *Id.*, at 1-3.

[10] *Id.*

After initially pleading not guilty, Christie entered a negotiated plea of guilty to attempted murder with the firearm specification, two counts of kidnapping, and aggravated burglary.[11] On March 2, 1999, the trial court sentenced Christie to eight years in prison for the charge of attempted murder, with such a term to run consecutively with the mandatory three-year prison term for the firearm specification, and to seven years in prison on each charge of kidnapping, with each prison term to run consecutively to the prior charges, for a total of 25 years in prison.[12] The trial court further ordered Christie to serve seven years on the aggravated burglary charge to run consecutively with the 25-year prison term imposed above.[13] Christie did not pursue a timely appeal of his conviction and sentence.

## B.    Direct Appeal

### 1.    *Ohio Court of Appeals*

In November, 2005, or nearly five years after his conviction and sentence, Christie, proceeding *pro se*, filed a notice of appeal and a motion for leave to file a delayed appeal.[14] The court of appeals denied the motion for delayed appeal, finding that Christie had not set forth sufficient reasons for his failure to timely file his notice of appeal from the 1999

---

[11] *Id.*, at 454-55.

[12] *Id.*, at 455.

[13] *Id.*

[14] *Id.*, at 17-23.

sentence.[15] The state appeals court also denied[16] a motion for reconsideration.[17] Christie then appealed the denial of his motion for a delayed appeal to the Ohio Supreme Court.[18] In his memorandum in support of jurisdiction, Christie set forth a single proposition of law:

> First Proposition of Law
>
> Appellate court abuses its discretion in denying Defendant's motion for leave to file by ruling Defendant failed to show "sufficient reason" for the untimely filing without providing criteria to establish what a sufficient reason would be.[19]

On June 29, 2005, the Ohio Supreme Court declined jurisdiction and dismissed the appeal.[20] Christie moved for reconsideration, which was also denied.[21]

**2.    *Delayed reopening of appeal***

In August, 2006, Christie, now proceeding with counsel, filed a motion to permit a delayed reopening of appeal in the state court of appeals and raised the following assignment of error:

---

[15] *Id.*, at 24.

[16] *Id.*, at 28-29.

[17] *Id.*, at 26-27.

[18] *Id.*, at 30-31.

[19] *Id.*, at 33.

[20] *Id.*, at 49.

[21] *Id.*, at 50.

> The trial court imposed a sentence of twenty-five (25) years by running sentences consecutively pursuant to a sentencing law that was unconstitutional for deprivation of Mr. Christie's right to trial by jury on those facts necessarily found to support the enhancement of consecutive sentencing.[22]

The court of appeals denied Christie's Appellate Rule 26(B) application because Christie's basis for reopening his direct appeal did not involve a claim of ineffective assistance of appellate counsel. Such a claim, the court noted, provides the only basis for reopening under Appellate Rule 26(B).[23] Christie did not appeal this decision.

### 3.  *Motion for sentencing hearing/motion to withdraw plea*

In May, 2009, Christie, again through counsel, filed a motion for a sentencing hearing and for additional relief in the trial court.[24] In that motion, Christie argued that the trial court failed to provide proper notice of the imposition of post-release control supervision on the record at his sentencing hearing or in the sentencing entry.[25] Thus, Christie argued, because of either of these omissions, his sentence was void, and he was entitled to a new sentencing hearing.[26] Following oral argument, the trial court granted Christie's motion for a new sentencing hearing.[27]

---

[22] *Id.*, at 51.

[23] *Id.*, at 79.

[24] *Id.*, at 80-112.

[25] *Id.*, at 81.

[26] *Id.*

[27] *Id.*, at 113.

As a result of that ruling, Christie, again through counsel, filed a motion to withdraw his plea or alternatively to vacate the plea.[28] In that motion, Christie raised four arguments not previously made to any court:

1. Indictment defect renders pleas ineffective.[29]

2. Plea not knowing, voluntary, and intelligent.[30]

3. Criminal defendant has a right to withdraw his plea when given incorrect and/or incomplete advice at his change of plea hearing.[31]

4. Competency issues and jurisdiction.[32]

### 4. First resentencing

On July 10, 2009, the trial court denied Christie's motion to withdraw his plea.[33] The court then sentenced Christie to the same terms of incarceration as his original sentence.[34] The court further notified Christie that he would be subject to a five-year term of post-release control upon his release from prison, including the potential for a prison term should he violate the terms and conditions of post-release supervision.[35]

---

[28] *Id.*, at 115-20.

[29] *Id.*, at 115.

[30] *Id.*, at 116.

[31] *Id.*, at 117-18.

[32] *Id.*, at 118.

[33] *Id.*, at 120-25.

[34] *Id.*

[35] *Id.*

Christie, through counsel, filed a timely notice of appeal.[36] Before filing his brief with the appeals court, Christie moved the trial court for a ruling on its jurisdiction over the resentencing.[37] The appeals court denied that motion, finding any assignments of error in the final judgment of conviction and sentence could be addressed on appeal.[38]

In his amended brief on appeal, Christie raised nine assignments of error:

1. The trial court imposed a sentence of twenty-five years by running non-minimum sentences consecutively pursuant to a sentencing law that was unconstitutional for deprivation of Mr. Christie's right to trial by jury on those facts necessarily found to support the enhancement of consecutive sentencing, in violation of both the Ohio Constitution and of the United States Constitution.

2. The trial court erred by denying the pre-sentencing motion of the accused to withdraw his plea, in violation of the Ohio Rules of Criminal Procedure and of the Ohio Constitution.

3. The plea was ineffective because Counts II, III, and IV are fatally defective for alleging more than one offense in a single count, as a result of which the plea as to each of Counts II, III, and IV are ineffective.

4. Because Counts II, III and IV each alleged two offenses, or more, and because the trial court did not dispose of each of the separate alleged offenses in these counts, the resulting entry was ineffective to achieve a final, appealable order.

5. The plea in this case was not knowing, voluntary and intelligent, in violation of the Ohio Constitution and of the United States Constitution.

---

[36] *Id.*, at 126-30.

[37] *Id.*, at 131-35.

[38] *Id.*, at 136.

6.      The plea, conviction and sentence are voidable and should be deemed void because the trial court failed to conduct a hearing pursuant to R.C. §2945.37, an error that is jurisdictional.

7.      The trial court erred in not merging the sentences imposed as to Counts II, III, and IV, and as to Count IV and the specification to Count I, as the same are allied offenses of similar import.

8.      The Ohio statute regarding merger is unconstitutional in that the determination of fact necessary to decide whether multiple offenses did or did not have a separate animus is not presented to a jury, in violation of the Ohio Constitution and of the United States Constitution, such that in this case, as applied to this Defendant, the State should be precluded from arguing "separate animus" without a jury verdict finding those facts necessary to establish a separate animus, or a stipulation on that fact or facts by the accused with proper waiver of that right.

9.      Mr. Christie was denied the effective assistance of counsel, in violation of his right thereto afforded him by both the Ohio Constitution and the United States Constitution.[39]

The State filed a brief in response,[40] and Christie filed a reply.[41] The appeals court found that the trial court had failed to reference the pleas and convictions for the charged offenses in the 2009 resentencing entry. Accordingly, the court of appeals, *sua sponte*, dismissed the appeal and remanded the case to the trial court.[42]

---

[39] *Id.*, at 138-39.

[40] *Id.*, at 194-275.

[41] *Id.*, at 293-98.

[42] *Id.*, at 302-03.

-9-

### 5. *Second resentencing*

In November, 2009, Christie, through counsel, moved for issuance of a proper sentencing entry.[43] In January, 2010, the trial court conducted a new sentencing hearing and entered a new judgment entry to correct the errors identified by the appellate court.[44]

Christie filed a timely appeal of the second resentencing.[45] In his brief, Christie presented nine assignments of error identical to those raised in his brief concerning the first resentencing. The State filed a responsive brief,[46] to which Christie replied.[47] On February 4, 2011, the appeals court affirmed the judgment and sentence of the trial court.[48] Christie's subsequent motion to reconsider and/or to certify a conflict[49] was denied.[50]

---

[43] *Id.*, at 304-06.

[44] *Id.*, at 307-12.

[45] *Id.*, at 313-19.

[46] *Id.*, at 375-448.

[47] *Id.*, at 449-75.

[48] *Id.*, at 476-99.

[49] *Id.*, at 500-20.

[50] *Id.*, at 521-22.

6.      *Supreme Court of Ohio*

Christie timely appealed[51] the appellate court's opinion and judgment as well as the

denial of his motion to reconsider and/or to certify a conflict.[52] In his memorandum in

support of jurisdiction, Christie asserted the following eight propositions of law:

I.      If the first entry that complies with Criminal Rule 32(C) as a final
        appealable order is filed after a resentencing to correct PRC errors from
        the first non-final entry or hearing, after a de novo sentencing hearing
        pursuant to pre-*Fischer* rules, an appeal filed timely as to the date of the
        filing of that first final appealable order is a timely appeal of right.

II.     The plea was ineffective because Counts II, III, and IV are fatally
        defective for alleging more than one offense in a single count, as a
        result of which the plea as to each of Counts II, III, and IV are
        ineffective.

III.    Because Counts II, III and IV each alleged two offenses, or more, and
        because the trial court did not dispose of each of the separate alleged
        offenses in these counts, the resulting entry was ineffective to achieve
        a final, appealable order.

IV.     The plea in this case was not knowing, voluntary and intelligent, in
        violation of the Ohio Constitution and of the United States Constitution.

V.      The plea, conviction and sentence are voidable and should be deemed
        void because the trial court failed to conduct a hearing pursuant to R.C.
        §2945.37, an error that is jurisdictional.

VI.     The trial court erred in not merging the sentences imposed as to Counts
        II, III, and IV, and as to Count IV and the specification to Count I, as
        the same are allied offenses of similar import.

_____

        [51] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that an appeal must be
filed within 45 days of the judgment being appealed. Here, the appellate judgment was
entered on March 21, 2011, and the notice of appeal filed in the Supreme Court on April 11,
2011.

        [52] ECF # 6, Attachment 1 at 523-32.

VII.    The Ohio statute regarding merger is unconstitutional in that the
determination of fact necessary to decide whether multiple offenses did
or did not have a separate animus is not presented to a jury, in violation
of the Ohio Constitution and of the United States Constitution, such
that in this case, as applied to this Defendant, the State should be
precluded from arguing "separate animus" without a jury verdict
finding those facts necessary to establish a separate animus, or a
stipulation on that fact or facts by the accused with proper waiver of
that right.

VIII.   Mr. Christie was denied the effective assistance of counsel, in violation
of his right thereto afforded him by both the Ohio Constitution and the
United States Constitution.[53]

The State filed a memorandum in opposition.[54] On June 22, 2011, the Ohio Supreme

Court denied the appeal, dismissing the case as not involving any substantial constitutional

question.[55]

**C.      Petition for writ of habeas corpus**

On September 28, 2011, Christie, represented by Kenneth J. Rexford, timely filed[56]

a federal petition for habeas relief.[57] On the same date, Christie, through counsel, filed an

amended federal petition for habeas relief.[58] As noted above, he raises four grounds for relief:

---

[53] *Id.*, at 534.

[54] *Id.*, at 576-89.

[55] *Id.* at 590.

[56]  The present petition for federal habeas relief was filed on September 28, 2011.
ECF # 2. As such, it was filed within one year of the conclusion of Christie's direct appeal
in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[57] ECF # 1.

[58] ECF # 2.

GROUND ONE: The plea was ineffective because Counts II, III, and IV are fatally defective for alleging more than one offense in a single count, as a result of which the plea as to each of Counts II, III, and IV are ineffective.

Supporting facts: Rule 7(B) of the Ohio Rules of Criminal Procedure specifies that each count of an indictment must specify an offense. This indictment specified more than one offense in at least two of the counts. In this case, the original indictment, as to Count II and Count II, each alleged two (2) separate offenses. Specifically, Counts II and III each alleged a violation of both R.C. §2905.01(A)(2) and R.C. §2905.01(A)(3), both called "kidnapping." Whereas the Trial Court accepted pleas as to each of these counts and described the pleas a pleas to the offense of kidnapping as described by R.C. §2905.01(A)(2) and (3), each of these two subsections is actually a separate criminal offense. Whereas the two might merge for sentencing purposes, the two are nonetheless separate and distinct offenses.

GROUND TWO: The plea in this case was not knowing, voluntary, and intelligent, in violation of the Ohio Constitution and of the United States Constitution.

Supporting facts: First, Christie was given improper advice concerning merger. Furthermore, the Trial Court advised Mr. Christie that the Court could not grant community control. That was and is not accurate. The defense had filed a motion to determine the competency of Mr. Christie to stand trial and a plea of Not Guilty by Reason of Insanity. These were accepted. Orders for an evaluation issued. However, despite the provision in R.C. §2945.37 that the Court shall conduct a hearing after this issue is raised, the Trial Court conducted no such hearing and issued no findings as to competency.

GROUND THREE: Ohio merger statute is unconstitutional as determination of fact necessary to decide whether multiple offenses had separate animus is not presented to a jury, in violation of US Constitution, such that State precluded from arguing separate animus without jury verdict finding those facts or a stipulation.

Supporting facts: R.C. §2941.25 operates in this way. Assume two felonies of the first degree that, by operation of law, are allied offenses. Each carries a potential of 3-10 years of incarceration. However, the individual faces 3-10 years of the offenses were committed with the same animus but 3-20 years if a separate animus existed.  Suppose that the question of animus is contested. State prosecution, under Ohio law, need not seek indictment on the allegation

of an alleged "separate animus." The defense is not entitled to notice of this allegation. The accused cannot demand a trial by jury on the question of whether there was or was not a separate animus. The review of that question is not with the protection of the standard of proof beyond a reasonable doubt that a separate animus existed.

GROUND FOUR: Mr. Christie was denied the effective assistance of counsel, in violation of his right thereto afforded him by the United States Constitution.

Supporting facts: Counsel failed to ensure that competency to stand trial was resolved by a finding of competency prior to the plea; to ensure that the NGRI plea was actually not meritorious before counseling a change of plea; to ensure that his client knew and appreciated the Indictment in its stacking of offenses in single counts; to ensure that his client understood the availability of judicial release and of community control sanctions as a possible sentence for his conduct. Counsel failed to ensure that his client understood the applicability of merger; to ensure that his client understood his right to presentment, trial by jury, due process, and proof beyond a reasonable doubt as to the question of animus; to address his client's insistence upon what would be a defense to the mens rea element of Count I; to assure that a de facto Alford plea was subjected to the same strenuous review by the Trial Court of the facts of the case and of the strength of the evidentiary support for those alleged facts; and to object to a finding of competency after the plea was already offered and without any stipulation or exhibits in support of such a finding. Counsel negotiated a stipulated sentence in excess of the maximum possible for the actual conduct and failed to advise his client of the unconstitutionality of the Ohio sentencing law applied to his client.

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.  There is no dispute that Christie is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in

custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[59]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[60]

3.    In addition, Christie states,[61] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[62]

4.    Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[63]

5.    Finally, because Christie is represented by counsel, he has not requested the appointment of counsel,[64] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[65]

---

[59] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[60] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[61] *See*, ECF # 2 at 5.

[62] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

[63] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[64] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[65] 28 U.S.C. § 2254(e)(2).

**B.      Standards of review**

*1.      Non-cognizable claim*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[66] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[67] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[68]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner's denial of "fundamental fairness" at trial.[69] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[70] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[71]

---

[66] 28 U.S.C. § 2254(a).

[67] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[68] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[69] *Estelle*, 502 U.S. at 67-68.

[70] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[71] *Id.* at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[72] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[73] and may not second-guess a state court's interpretation of its own procedural rules.[74] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[75] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[76]

**2.      *Voluntariness of a plea***

A guilty plea amounts to more than a confession admitting that the accused did various acts; it constitutes the conviction itself, with nothing remaining but to enter judgment and determine punishment.[77] As such, a plea waives the right to trial before a judge or jury and, therefore, must be made voluntarily and intelligently,[78] as determined under the totality

---

[72] *Id.*

[73] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[74] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[75] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[76] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[77] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[78] *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

of the circumstances.[79] The Constitution requires that the totality of the circumstances reflects that the defendant is informed of the direct consequences of the plea.[80] Moreover, a valid plea must be a voluntary and intelligent choice among the alternative courses of action open to the defendant.[81]

In a habeas proceeding, the State bears the burden of showing the petitioner's plea was valid and usually does so by producing a transcript of the plea hearing.[82] Although no exact recital of waived rights is required, the record should reflect a full understanding of the direct consequences of the plea, so that it is clear that the plea represents a voluntary and intelligent choice among the alternatives.[83] The court will not presume a valid waiver from a silent record.[84]

Because a valid plea is a solemn declaration of guilt by the defendant, it carries a presumption of truthfulness.[85] In addition, having entered a valid plea, the defendant may not then challenge antecedent non-jurisdictional defects in the proceedings.[86] As the Supreme

---

[79] *Brady v. United States*, 397 U.S. 742, 749 (1970).

[80] *Id.* at 755.

[81] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

[82] *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

[83] *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

[84] *Boykin*, 395 U.S. at 243.

[85] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[86] *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

Court teaches, this is because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."[87] Thus, as the Sixth Circuit has recently reaffirmed, "after the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself."[88]

### 3.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies remained available or because of some other violation of a state procedural rule.[89]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[87] *Id.* at 267.

[88] *Werth v. Bell*, 692 F.3d 486, 495 (2012).

[89] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[90]

In addition to establishing these elements, the State must show that the state procedural rule is (a) firmly established, and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[91]

If the State establishes a procedural default, the petitioner may overcome the default by showing (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[92] In addition, procedural default may also be excused by a showing of actual innocence.[93]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[94] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[90] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[91] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[92] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (citations omitted).

[93] *Id.*

[94] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

proceeding with error of a constitutional dimension.[95] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[96]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[97] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[98]

## C.    Application of standards

### 1.    Ground one – the plea was ineffective because multiple counts of the indictment were defective for alleging more than one offense within a single count.

Christie asserts in his first ground for relief that his plea was ineffective. Specifically, he contends that the presence of multiple offenses within counts II, III, and IV of the indictment made his plea unknowing and involuntary because he did not understand what offense(s) he was pleading guilty to when he made his plea.[99] He maintains that if a single count contains allegations of multiple offenses, and an accused pleads guilty to that count

---

[95] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[96] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[97] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[98] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[99] ECF # 1 at 6.

without specifying which of the multiple allegations within that count to which his guilty plea applies, the plea must be ineffective as to any of the alleged offenses since it will be unclear as to what the accused intended by the plea.[100]

The State argues that this ground is wholly based on state law – in particular on an alleged violation of Ohio Criminal Rule 7(B).[101] For his part, Christie concedes that the ground "is one *primarily* of Ohio state law."[102] But, he argues, his federal due process right was violated when Ohio did not properly apply Criminal Rule 7(B) to the indictment in his case.[103]

First, to the extent that this ground does just contain an issue of state law, such a ground, as Christie recognizes, is not cognizable for federal habeas relief. Any purely state law component of ground one should be dismissed as non-cognizable.

As for Christie's argument that a misapplication of state criminal rules violated his federal due process rights, the Sixth Circuit stated in the case of *Seaman v. Washington*[104] that a petitioner making such an argument "face[s] an uphill challenge from the start, inasmuch as federal habeas relief rarely can turn on the misapplication of state law."[105]

---

[100] *See*, ECF # 7 at 17-18.

[101] ECF # 6 at 19.

[102] *Id.* at 18 (emphasis in original).

[103] *Id.* at 19.

[104] *Seaman v. Washington*, 506 F. App'x 349 (6th Cir. 2012).

[105] *Id.* at 358 (citation omitted).

Rather, whether or not the indictment here violated Ohio law, Christie may obtain federal habeas relief only if that alleged error of state law was so egregious as to deny him a fundamentally fair trial.[106] Furthermore, "the Supreme Court has defined 'very narrowly' the category of infractions that violates 'fundamental fairness.'"[107] The Supreme Court is clear that "[j]udges are not free, in defining 'due process,' to impose ... their personal and private notions of fairness...[,][but] are to determine only whether the action complained of violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency."[108]

Here, an indictment is not constitutionally required, but the state must afford the accused adequate notice of the charges against him.[109] As the State points out, the transcript of the plea hearing establishes that the prosecution repeated every allegation in the indictment, along with the factual bases for the charges, and Christie then assured the trial court on the record that he understood each and every charges against him.[110] Thus, even if multiple charges within a single count could potentially be confusing for a defendant, the plea transcript refutes Christie's profession of confusion here.

---

[106] *Estelle*, 502 U.S. at 67-68.

[107] *Bey*, 500 F.3d at 522 (internal quotation omitted).

[108] *Dowling,* 493 U.S. at 352-53.

[109] *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988).

[110] ECF # 6, Attachment 2 at 11-14.

The decision of the state appellate court supports this conclusion. First, the court viewed Christie's argument as one made exclusively under state law, but then decided, contrary to Christie's contention, that Ohio law does not mandate that only one offense be contained in each count of the indictment.[111] Further, the court found that despite Christie's legal argument on the effect of Rule 7, "the record clearly demonstrates that he was fully apprised that he was pleading to two counts of kidnapping and one count of aggravated burglary, having committed each offense by two separate means.... Furthermore, at no point during the change of plea hearing did Christie express his confusion about what he was pleading to or object to the charges listed in the indictment."[112]

The plea transcript and the appellate opinion establish that Christie did not prove the wording of the indictment actually confused him. Still less does this evidence show that the wording of the indictment in the context of this case violated a fundamental conception of justice sufficient to support granting federal habeas relief.

Accordingly, ground one should be dismissed as a non-cognizable state law claim. Alternatively, assuming that Christie fairly presented this ground to the Ohio courts as a federal due process claim, such ground should be denied since the Ohio decision rejecting it was not an unreasonable application of clearly established federal law concerning the grant of federal habeas relief because of a state law violation at trial.

---

[111] ECF # 6, Attachment 1 at 494.

[112] *Id.*, at 494-95.

## 2. *Ground two – the validity of the plea*

Christie essentially presents three reasons why his plea was not knowing, voluntary, and intelligent:

- He received improper advice regarding the merger of offenses.

- The trial judge incorrectly said that the court could not grant community control.

- The trial judge failed to hold a competency hearing.[113]

The State, in turn, initially contends that the part of this ground complaining about the lack of a competency hearing is procedurally defaulted on grounds of *res judicata* for not being raised within 30 days of the sentencing.[114] I address that assertion below. The State also argues that the other two aspects of this ground should be denied on the merits.[115]

As to the first element of this ground – that Christie was misinformed about whether aggravated burglary and kidnapping are allied offenses – the State argues that no controlling Ohio authority existed at the time of the plea that such offenses were allied offenses of similar import.[116] Since the state appeals court applied then-existing Ohio law to deny that challenge, the State here contends that this state court determination on an issue of state law

---

[113] ECF # 1 at 11.

[114] ECF # 6 at 16.

[115] *Id.* at 24-30.

[116] ECF # 6 at 26.

should now be treated with deference by the federal habeas court.[117] In any case, the State reasons, even if the counts for kidnapping and aggravated burglary would now merge under current Ohio law – a position the State disputes – Christie cannot show any error on the part of the trial court for failing to advise him in 1999 what the law would be in 2008.[118] As such, any later change in the merger doctrine would not have rendered the prior plea unknowing.[119]

Without passing on Christie's argument that the two counts would merge under Ohio law, or the state court's ruling that they would not, Christie cannot make out a case for an unknowing plea on these facts. Specifically, as the State re-asserts in its reply, because the Ohio appeals court concluded that Ohio law did not require a merger of these counts, "its ruling is controlling [on the federal habeas court] as to [this question of] state law."[120]

Because the asserted factual premise of this first component of ground two – that the trial court made a mistake that rendered the plea unknowing – is conclusively rebutted by the decision of the state appeals court's finding that there was no error of Ohio law, there is then no basis here for stating that the plea was unknowing. This part of ground two should be

---

[117] *Id.*

[118] *Id.* at 25.

[119] *Id.*

[120] ECF # 8 at 8.

denied since the denial by the state court is not contrary to clearly established federal law regarding the knowingness of a plea.[121]

Similarly, as to the second part of this ground – the purported misinformation about the inability of Christie to receive community control – the State maintains that the appeals court concluded that the trial court did not err in its handling of the issue of community control as a matter of state law.

The trial court informed Christie at the plea hearing that, because the firearm specification attached to each attempted murder charge carried with it a mandatory three-year prison term, Christie must serve that prison time if he pled guilty.[122] Christie argued on appeal that this was incorrect because even the prison term could be abrogated by judicial release such that he would then possibly be eligible for community control.[123]

The appeals court noted first that there was nothing requiring a trial judge to inform a defendant at a plea hearing of all possible theoretical scenarios.[124] More importantly, the appeals court stated that because the trial court sentenced Christie to a prison term of

---

[121] *See*, *Brady*, 397 U.S. at 749 (knowingness of the plea determined from the totality of the circumstances).

[122] ECF # 6, Attachment 1 at 497.

[123] *Id.*

[124] *Id.* at 497-98.

twenty-five years, he was statutorily ineligible for judicial release because that statute limits such release to offenders serving a prison term of ten years or less.[125]

Like the issue involving merger of offenses, this ruling by the state appeals court eliminates the alleged factual basis for this ground – that the trial court made a mistake by excluding the possibility of judicial release in his summary of likely consequences of the guilty plea. If Christie was ineligible for judicial release by operation of the statute, then by definition the trial court committed no error in failing to advise him of how judicial release might theoretically make him eligible for community control.

The part of ground two directed to the absence of advice about community control should be denied because the state appellate court's decision was not contrary to clearly established federal law on the knowingness of a plea.

Finally, Christie contends that the plea was not knowing because the trial court failed to hold a competency hearing. As noted earlier, the State's primary argument is that this claim is procedurally defaulted. Alternatively, the State contends, on the basis of *Pate v. Anderson*,[126] that because sufficient indicia of Christie's competence to enter a plea appear on the record, Christie received due process regardless of whether or not a competency hearing was held.[127]

---

[125] *Id.*

[126] *Pate v. Anderson*, 383 U.S. 375, 385 (1966).

[127] ECF # 6 at 29.

The state appeals court, for its part, similarly concluded that any error in not holding a competency hearing here was harmless because the record contained no indication of any incompetence.[128] The appellate court specifically noted that the evaluation of Christie's competence conducted under court order by the Court Diagnosis and Treatment Center "unequivocally found that there was no psychiatric or intellectual impediment to Christie's competence to stand trial, and that regarding his NGRI[129] plea, Christie did not suffer from any signs or symptoms of mental illness which would have prevented him from differentiating right from wrong at the time he committed the offenses stated in the indictment."[130] Further, the court also pointed out that neither Christie nor his trial counsel objected at the plea or sentencing hearings that a competency hearing was not held, and both acknowledged on the record that the evaluations cited above were performed and that the findings contained therein showed Christie was competent to stand trial and that his NGRI plea was not supported by the evidence.[131]

Therefore, the state court found that "because the record lacks *any* indicia of Christie's incompetency…, we conclude that the trial court's failure to hold a hearing on this matter was

---

[128] ECF # 6, Attachment 1at 490.

[129] Not guilty by reason of insanity.

[130] ECF # 6, Attachment 1 at 491.

[131] *Id.*

harmless error...[and so] despite his unsupported contention, Christie's plea was not rendered 'voidable.'"[132]

That part of ground two regarding the lack of a competency hearing should be denied because the state court's decision was not an unreasonable application of clearly established federal law.

**3.      *Ground three – unconstitutionality of Ohio's allied offenses statute, ground four – ineffective trial counsel, and part of ground two – validity of the guilty plea because of improper advice as to the merger of offenses***

The state appeals court declined to reach the merits of what is now grounds three, four, and part of ground two on the basis of *res judicata*.[133] The court found that the Ohio Supreme Court's teaching in *State v. Fischer*[134] limited the issues reviewable on a second appeal following a re-sentencing "to issues arising at the re-sentencing hearing," and that "*res judicata* still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."[135] Accordingly, the appeals court concluded that because the issues raised by Christie in these grounds should have been raised in an initial appeal in 1999, which Christie failed to timely file, they were now "precluded from consideration" in the 2010 appeal from the re-sentencing.[136]

---

[132] *Id.* (emphasis in original).

[133] *Id.* at 484.

[134] *State v. Fischer*, 128 Ohio St. 3d 92, 942 N.E.2d 332 (2010).

[135] *Id.*, 128 Ohio St. 3d at 102, 942 N.E.2d at 343.

[136] ECF # 6, Attachment 1 at 485, 489.

Christie attempts to evade this procedural default by arguing that the Ohio Supreme Court's determination that the appeal did not present a substantial constitutional question was, in fact, a merits determination that obviates any finding by the appeals court of a procedural default.[137] In fact, when an Ohio appeals court, as here, relies on a procedural bar to avoid reaching the merits of a claim, and the Ohio Supreme Court then denies leave to appeal from that decision by dismissing the matter as simply "not involving any substantial constitutional question," that determination by the Ohio Supreme Court "must be presumed to rely on the same state procedural ground" as the prior appeals court decision.[138] This is because, as the United States Supreme Court teaches, when the last reasoned, state court opinion "explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."[139]

Here, the last reasoned state court opinion by the appeals court explicitly stated that it was precluded from addressing the merits of these claims by Ohio's doctrine of *res judicata*. That principle has been long recognized as an adequate, independent state law ground on which the federal habeas court may base a finding of procedural default.[140]

---

[137] ECF # 7 at 15.

[138] *Smith v. Warden*, No. 1:10-CV-673, 2011 WL 6817822, at * 9 (S.D. Ohio Dec. 28, 2011) (citation omitted).

[139] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[140] *Mason*, 320 F.3d at 628 (citations omitted).

Thus, because these claims were procedurally defaulted in the Ohio courts and Christie has advanced no reason to excuse such a default, grounds three and four, as well as a portion of ground two, should be dismissed as procedurally defaulted.

## Conclusion

For the reasons stated, I recommend that the petition of Chad D. Christie for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.

Dated: August 6, 2013                <u>s/ William H. Baughman, Jr.</u>
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[141]

---

[141] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).