PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD D. CHRISTIE, | ) | |
| | ) | CASE NO. 3:11CV02049 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TIM MILLIGAN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Resolving ECF No. 1] |

Before the Court is Petitioner Chad D. Christie's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 2. Respondent Tim Milligan ("the State"), as the deputy warden, filed a return of writ. ECF No. 6. Petitioner filed a traverse. ECF No. 7. The State filed a reply, to which Petitioner filed a sur-reply. ECF Nos. 8, 9. United States Magistrate Judge William H. Baughman, Jr., prepared a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B), and recommended that the habeas petition be denied in part and dismissed in part. ECF No. 10. Petitioner filed one objection to the report and recommendation, to which the State filed a response. ECF No. 11, 14. The Court has reviewed the above filings, the relevant portions of the record, and the governing law. For the reasons provided, the Court overrules Petitioner's objection and adopts the report and recommendation in its entirety. The Court denies in part, and dismisses in part, the petition for a writ of habeas corpus.

(3:11CV02049)

# I. Factual & Procedural History

### A. State Proceedings

According to the Ohio Court of Appeals, Third Appellate District:

> In late 1998, [Petitioner] and his wife, Anetta, experienced marital difficulties and decided to separate. Anetta and the couples' young child stayed with Anetta's sister, Kim Riblet, and her family during the separation. On November 11, 1998, [Petitioner] arrived at Kim's residence armed with a 12-gauge shotgun which he apparently intended to use to commit suicide in front of Anetta. To avoid detection, [Petitioner] placed a ladder on the backside of the residence and climbed through a window.
>
> Once inside the residence, [Petitioner] began searching for his wife when he encountered Kim. Armed with the shotgun, [Petitioner] ordered Kim into one of the bedrooms where Anetta was sleeping. [Petitioner] then marched Anetta at gunpoint downstairs to the living room where he fired the gun at Anetta's head, removing a significant portion of her ear. [Petitioner] then turned the gun on himself and fired a shot upward through the right side of his jaw. Anetta and [Petitioner's] gunshot wounds were not fatal; however, both were permanently disfigured.

ECF No. 6-1 at 482-83.

Petitioner was indicted in the Defiance County Court of Common Pleas on counts of attempted murder, kidnaping, aggravated burglary, felonious assault, and domestic violence. ECF No. 6-1 at 6. With the exception of the domestic violence charge, each count carried a firearm specification. ECF No. 6-1 at 6. Petitioner entered a plea of guilty to the charges of attempted murder with a firearm specification, two counts of kidnaping, and aggravated burglary. Pursuant to the plea, the prosecution dismissed the charges of felonious assault and domestic violence as well as the remaining firearm specifications. ECF No. 6-1 at 460. On March 1, 1999, the trial court held a sentencing hearing. ECF No. 6-1 at 18. In a judgment entry dated March 2, 1999, the trial court sentenced Petitioner to a term of twenty-five years of incarceration. ECF No. 6-1 at 20.

(3:11CV02049)

On November 24, 2004, more than five years after the judgment of sentence, Petitioner, proceeding *pro se*, filed a motion for leave to filed a delayed appeal. ECF No. 6-1 at 27. On January 20, 2005, the Ohio Court of Appeals denied the motion because Petitioner did not provide adequate reason for his failure to timely file a notice of appeal from the March 2, 1999 judgment. ECF No. 6-1 at 29. Petitioner appealed to the Ohio Supreme Court, which then denied Petitioner leave to appeal. ECF No. 6-1 at 35, 54.

On August 4, 2006, Petitioner, now proceeding with counsel, filed a motion to permit a delayed reopening of his direct appeal. ECF No. 6-1 at 56. The Ohio Court of Appeals denied the motion because Petitioner's basis for reopening his appeal did not involve a claim of ineffective assistance of counsel, which, as the appeals court noted, was the only basis for reopening an appeal under Appellate Rule 26(B). ECF No. 6-1 at 83. Petitioner did not appeal from this decision.

On May 1, 2009, Petitioner, again through counsel, filed a motion for a sentencing hearing and additional relief in the Court of Common Pleas. ECF No. 6-1 at 86. Petitioner argued that the trial court that sentenced him failed to provide him with proper notice of the imposition of post-release control supervision at the sentencing hearing and in the judgment entry. ECF No. 6-1 at 86. Petitioner claimed that his sentence was therefore void and he was entitled to a new sentencing hearing. ECF No. 6-1 at 86-87. Following Petitioner's motion, the trial court ordered that a new sentencing hearing be held. ECF No. 6-1 at 118. As a result of that ruling, Petitioner, through counsel, filed a motion to withdraw or vacate his original plea. ECF No. 6-1 at 120.

The trial court held a second sentencing hearing on July 7, 2009. ECF No. 6-1 at 126. In a judgment entry dated July 10, 2009, the trial court denied the motion to withdraw or vacate his plea.

(3:11CV02049)

ECF No. 6-1 at 126. The trial court sentenced Petitioner to the same terms of incarceration as his original sentence. ECF No. 6-1 at 126. Unlike the first judgment of sentence, however, the court also notified Petitioner that he is subject to a five year term of post-release control supervision upon his release from prison, which carries the potential for additional incarceration should he violate the terms of his post-release control. ECF No. 6-1 at 129.

Petitioner, through counsel, filed a timely notice of appeal, raising nine assignments of error. ECF No. 6-1 at 131, 143-44. The Ohio Court of Appeals, rather than addressing Petitioner's appeal on the merits, *sua sponte* dismissed the appeal and remanded the case to the trial court for a third sentencing. ECF No. 6-1 at 307. The appeals court determined that the July 10, 2009 judgment of sentence failed to reference the pleas and convictions as to the various offenses with which Petitioner was charged. ECF No. 6-1 at 307. Because the judgment did not comply with Criminal Rule 32(C)'s requirement that the judgment reference the "means of conviction," the appeals court reasoned, the judgment was not a "final order" pursuant to R.C. 2505.02, and the appeal must be dismissed for lack of jurisdiction. ECF No. 6-1 at 308.

On January 22, 2010, the trial court held a third sentencing hearing. ECF No. 6-1 at 312. In a judgment entry dated January 27, 2010, the trial court entered a new judgment entry to correct the errors identified by the Ohio Court of Appeals. ECF No. 6-1 at 312. The trial court imposed the same sentence and advised Petitioner that he is subject to five years of post-release control supervision. ECF No. 6-1 at 316. In addition, the trial court specified in the judgment entry that Petitioner had been convicted through guilty pleas on the various offenses. ECF No. 6-1 at 312-13.

4

(3:11CV02049)

Petitioner timely appealed, raising the same nine assignments of error that he raised in his appeal following the second sentencing. ECF No. 6-1 at 318, 326-27. On February 4, 2011, the Ohio Court of Appeals affirmed the judgment and sentence of the trial court. ECF No. 6-1 at 503. The Ohio Supreme Court subsequently denied to Petitioner leave to appeal. ECF No. 6-1 at 595.

**B. Federal Habeas Proceedings**

On September 28, 2011, Petitioner, through counsel, filed a federal petition for habeas relief. ECF No. 1. On the same day, Petitioner filed an amended petition. ECF No. 2. Petitioner raises four grounds for relief: (1) the plea was ineffective because several of the charges against Petitioner alleged more than one offense in a single count: (2) the plea was not knowing, voluntary, and intelligent; (3) Ohio's merger statute is unconstitutional; and (4) Petitioner's trial counsel was ineffective. ECF No. 2. The State filed a return of writ. ECF No. 6. Petitioner filed a traverse. ECF No. 7. The State replied, to which Petitioner filed a sur-reply. ECF Nos. 8, 9. On August 6, 2013, United States Magistrate Judge William H. Baughman, Jr., issued a report recommending that Petitioner's habeas petition be denied in part and dismissed in part. ECF No. 10. Specifically, Magistrate Judge Baughman concluded that Ground One should be dismissed as a non-cognizable state law claim, or denied because no evidence shows that Petitioner lacked adequate notice of the charges against him. ECF No. 10 at 21-24. Magistrate Judge Baughman also determined that Ground Two should be denied because Petitioner has no basis for claiming that his plea was unknowing and because the state appeals court did not unreasonably apply clearly established federal law in concluding that any error resulting from the trial court's failure to hold a competency hearing was harmless. ECF No. 10 at 25-30. In addition, the Magistrate Judge recommended that Grounds

(3:11CV02049)

Two, Three, and Four should dismissed as procedurally defaulted because Petitioner failed to assert those claims in a timely direct appeal from the March 2, 1999 judgment. ECF No. 10 at 30-31.

Petitioner, through counsel, timely filed an objection with respect to the Magistrate Judge's recommendation that Grounds Three and Four are procedurally defaulted. ECF No. 11. The State filed a response. ECF No. 14. The habeas petition is ripe for the Court's adjudication.

## II. Legal Standard

### A. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a petition for a writ of habeas corpus with respect to any claim that was decided on the merits in state court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A federal court also generally may not grant habeas relief if the petitioner failed to comply with the rules "designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1316, 182 L. Ed. 2d 272 (2012).

To police these rules, a federal habeas court "must first determine whether the petitioner has exhausted the remedies available to him in state court." *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. 2001). This requirement is satisfied when the highest court in the state where the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. *Id.* at 608.

(3:11CV02049)

"This exhaustion requirement is . . . grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Thus, a federal court must refrain from disrupting State judicial proceedings by deciding a habeas claim before that claim has been fully presented at the State level. *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 490-91, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973).

The same concerns apply when a prisoner's claims have been procedurally defaulted. "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. at 732-33. Federal review of a procedurally defaulted claim is also costly in the sense that it reduces the finality of litigation and frustrates the state's sovereign power to punish offenders and its good-faith attempts to honor constitutional rights. *Murray v. Carrier*, 477 U.S. 478, 487, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). This is true whether the procedural default occurred at trial, on appeal, or on state collateral attack. *Id.* at 490. As a consequence, "[t]he federal court will not review claims that were not entertained by the state court either due to the petitioner's failure to raise those claims in the state courts while state remedies were available or when the petitioner's failure to comply with a state procedural rule prevented the state courts from reaching the merits of the claims." *Smith v. State of Ohio Department of Rehabilitation & Corrections*, 463 F.3d 426, 430-31 (6th Cir. 2006).

(3:11CV02049)

In order for noncompliance with a state procedure to bar federal habeas corpus review, the criteria outlined by the Sixth Circuit in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) ordinarily must be satisfied. Under *Maupin*, the federal habeas court must determine that (1) there is a state procedural rule applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the state court actually enforced the state procedural sanction; and (3) the state procedural rule is an "adequate and independent" state ground on which to preclude federal habeas review. *Id.* Even where *Maupin* is satisfied, however, there exist well-established exceptions to the doctrine of procedural default. A state prisoner may still obtain federal review of a defaulted claim by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750.

Whether "cause" exists to excuse a procedural default depends on whether the prisoner can show that "some objective factor external to the defense" impeded or interfered with his or her compliance with a state procedural rule. *Murray v. Carrier*, 477 U.S. at 488. The "external-factor requirement" reflects the judgment that states should not be forced to undergo federal habeas review of a defaulted claim unless a factor not attributable to the prisoner obstructed his compliance with state procedures. *Martinez v. Ryan*, 132 S. Ct. at 1324 (*Scalia, J.,* dissenting).

**B. Recommendation of the United States Magistrate Judge**

A federal district court may designate a magistrate judge to submit recommendations for the disposition of a federal habeas corpus petition. 28 U.S.C. § 636(b)(1)(B). Where an objection is filed, the federal district court "shall make a *de novo* determination of those portions of the report

8

(3:11CV02049)

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C). Section 636 does not require a district judge to review a magistrate judge's report to which no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d (1986).

### III. Discussion

Petitioner objects to only one aspect of the Magistrate Judge's report: the recommendation that Grounds Three and Four are procedurally defaulted. In Petitioner's appeal from the third sentencing judgment, the Ohio Court of Appeals refused to address the merits of a number of his claims–including those that are now asserted as Grounds Three and Four of the habeas petition– because Plaintiff failed to raise them in a timely direct appeal from the original March 2, 1999 judgment. ECF No. 6-1 at 490. The appeals court held that the doctrine of *res judicata* precluded those claims from review. ECF No. 6-1 at 490. The Magistrate Judge, in turn, concluded that Petitioner's failure to assert his claims in a timely direct appeal amounted to a procedural default of Grounds Three and Four. ECF No. 10 at 31.

To pursue a direct appeal as of right, Ohio Appellate Rule 4(A) requires criminal defendants to file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed." The trial court imposed its judgment of sentence on March 2, 1999. ECF No. 6-1 at 20. There is no dispute that Petitioner did not file a notice of appeal within thirty days of that judgment. In fact, Petitioner did not attempt to appeal the judgment until more than five years later, on November 24, 2004, when he unsuccessfully moved for leave to file a delayed appeal. ECF No. 6-1 at 27.

9

(3:11CV02049)

Petitioner did not actually assert the claims embodied in Grounds Three and Four of the habeas petition until September 21, 2009, and March 23, 2010, when he pursued appeals from his second and third sentencing. ECF No. 6-1 at 142, 325. Under Ohio law, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 181, 846 N.E.2d 824 (2006). As a corollary of that principle, *res judicata* also bars claims that were not raised in a *timely* direct appeal. *State v. Williams*, No. 2012-CA-43, 2014 WL 819466 at *3 (Ohio App. 2 Dist. February 28, 2014); *State v. Hopkins*, No. CA2012-12-246, 2013 WL 4647343 at *3 (Ohio App. 12 Dist. August 26, 2013); *State v. Stalnaker*, No. 2013-L-006, 2013 WL 4047186 at *2 (Ohio App. 11 Dist. August 12, 2013). The failure to file a timely notice of appeal constitutes an independent and adequate state ground that forecloses federal habeas review. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

Petitioner does not argue that cause exists to excuse his procedural default. Nor does he assert that this Court's failure to review his claims will result in a fundamental miscarriage of justice. Rather, he maintains that there was no procedural default. Petitioner contends that the first judgment of sentence (March 2, 1999), and the second judgment of sentence (July 10, 2009), were both marred by errors that were not fully corrected until his third sentencing in January, 2010. ECF No. 11 at 4. Therefore, Petitioner claims, neither the first nor the second judgments were final appealable judgments pursuant to *State v. Baker*, 119 Ohio St.3d 197, 201, 893 N.E.2d 163 (2008) (setting forth criteria of final appealable orders under Ohio law). ECF No. 11 at 4. Petitioner reasons: (1) with respect to the first judgment, "no appeal could have been initiated legally, even if actual appeals were initiated"; and (2) "[i]f the first entry was not final and not appealable, and if the second entry was

10

(3:11CV02049)

not final and not appealable, then the appeal from the third and finally correct entry could not be untimely and could not logically be restrained by principles of *res judicata*." ECF No. 11 at 4.

Petitioner's argument that his claims were not barred by *res judicata* because the initial judgment entry was not a final appealable order is not a novel one. In *State v. Fisher*, 128 Ohio St.3d 92, 93, 942 N.E.2d 332 (2010), the defendant, Fisher, was convicted of aggravated robbery and other charges. He appealed, and his convictions were affirmed. *Id.* Years later, Fisher successfully moved for a resentencing because, when he was initially sentenced, the trial court failed to advise him of his post-release control obligations. *Id.* Subsequently, the trial court properly notified Fisher of his post-release control obligations and reimposed the remainder of the sentence. *Id.* at 93-94.

Fisher argued before the Ohio Supreme Court that his original sentence had been voided by the trial court's error; therefore, his "first direct appeal" was not the appeal he pursued from the original sentence, but, rather, it was the appeal he pursued from his second, corrected sentence. *Fisher*, 128 Ohio St.3d at 94. Fisher's theory is similar to the one now asserted by Petitioner: (A) because the trial court did not properly advise Fisher of his post-release control sanctions, Fisher's sentence was void; (B) because there was no sentence, there could be no final order from which to appeal; and (C) in the absence of a final appealable order, any appeal taken from that order was invalid. *Id.* at 101-102. Fisher sought to persuade the Ohio Supreme Court that he was entitled to assert any and all issues relating to his convictions in his second appeal, and that those claims were not barred by *res judicata* because the first appeal was a nullity. *Id.*

The Ohio Supreme Court concluded that Fisher's argument, "though creative, fails." *Fisher*, 128 Ohio St.3d at 102. The high court rejected Fisher's reliance on the proposition of *Baker* (on

11

(3:11CV02049)

which Petitioner also relies) that a judgment of conviction must specify the sentence to be appealable. The court pointed out that the Ohio Court of Appeals maintained jurisdiction to correct illegal sentences; "[c]learly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable. Thus, *Baker* does not avail Fisher." *Id.* at 102. The court held that only "that *part* of the sentence [that is illegal] is void and must be set aside." *Id.* at 99. Thus:

> although the doctrine of res judicata does not preclude review of a void sentence, *res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.* The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

*Id.* at 102 (emphasis added).

Under *Fisher*, *res judicata* applied to the lawful elements of the March 2, 1999 judgment. The unlawful aspect of the judgment was the trial court's failure to advise Petitioner of his post-release control obligations. Claims as to that error were not barred by *res judicata*, therefore, Petitioner was granted two sentencing hearings many years after his appeal cutoff to correct the defects. Claims regarding the constitutionality of Ohio's merger statute and the ineffectiveness of Petitioner's trial counsel–now Grounds Three and Four–were not based on sentencing error. They were therefore barred from review by *res judicata* because Petitioner failed to timely file a notice of appeal after the judgment. A sentencing error does not extend the time period from 30 days to 10 years for Plaintiff to pursue an appeal of any and all issues relating to his convictions. "The scope of an appeal from a resentencing hearing in which mandatory term of post release control is imposed to limited to issues arising at the resentencing hearing"; it is not enlarged to include claims that should have been, but were not, raised in a timely direct appeal. *Fisher*, 128 Ohio St.3d at 102.

(3:11CV02049)

In the end, Petitioner failed to comply with the time requirement of Ohio Appellate Rule 4(A). Ohio enforces this time requirement through the doctrine of *res judicata*. Failure to follow the time requirement to appeal is an adequate and independent state ground that forecloses federal habeas review. Therefore, Grounds Three and Four of the habeas petition are procedurally defaulted.

Furthermore, the Court adopts the remainder of the Magistrate Judge's report and recommendation, to which no objections were filed, for the reasons stated in the report. ECF No. 10.

### IV. Conclusion

Based on the foregoing, the Court overrules Petitioner's objection and adopts the Magistrate Judge's report and recommendation in its entirety. The Court denies in part, and dismisses in part, the petition for a writ of habeas corpus.

IT IS SO ORDERED.

 March 24, 2014               /s/ Benita Y. Pearson
Date                          Benita Y. Pearson
                              United States District Judge


(3:11CV02049)

In the end, Petitioner failed to comply with the time requirement of Ohio Appellate Rule 4(A). Ohio enforces this time requirement through the doctrine of *res judicata*. Failure to follow the time requirement to appeal is an adequate and independent state ground that forecloses federal habeas review. Therefore, Grounds Three and Four of the habeas petition are procedurally defaulted.

Furthermore, the Court adopts the remainder of the Magistrate Judge's report and recommendation, to which no objections were filed, for the reasons stated in the report. ECF No. 10.

### IV. Conclusion

Based on the foregoing, the Court overrules Petitioner's objection and adopts the Magistrate Judge's report and recommendation in its entirety. The Court denies in part, and dismisses in part, the petition for a writ of habeas corpus.

IT IS SO ORDERED.

 March 24, 2014               /s/ Benita Y. Pearson
Date                          Benita Y. Pearson
                              United States District Judge